IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:05-CR-99 |
| | ) | |
| CLAUDE EDWARD MATTRESS, | ) | (PHILLIPS/SHIRLEY) |
| | ) | |
| Defendant. | ) | |

**ORDER OF DETENTION**

This case came before the Court on March 26, 2012, for a detention hearing with respect to the potential revocation of Defendant Claude Edward Mattress' supervised release, which was imposed following his service of a fifty-seven month sentence of incarceration. Assistant United States Attorney Steven H. Cook was present on behalf of the Government. Assistant Federal Community Defender Laura Davis represented the Defendant, who was also present. The Government sought to have the Defendant detained pending his April 23, 2012 revocation hearing before District Court Judge Thomas W. Phillips, arguing that there are no conditions of release that would reasonably assure his presence in court or the safety of the community.

The Defendant argued that he could be released under the conditions that he live under house arrest or home detention with his girlfriend, submit to alcohol ankle monitoring, and complete drug treatment. Defense counsel proffered that the Defendant is currently disabled and receives Supplemental Security Income ("SSI") benefits. Since his term of supervised release began on April 23, 2010, he has reported to his probation officer regularly and has had only one positive drug screen.

1

Because he is physically disabled, the Defendant does not work. He currently lives with his girlfriend, who works as a Certified Nursing Assistant. Prior to initially appearing on the Petition for Warrant for Offender Under Supervision [Doc. 24] in this Court, the Defendant was out on pretrial release with an alcohol ankle monitor while awaiting trial on the state charges underlying the petition.

Defense counsel argued that while the Defendant has a lengthy criminal history, he has improved over the years and had no resisting arrest or other evading charges associated with his arrest on the instant alleged violation. The Defendant's suggested address does not have him living with his brother, with whom he smoked the marijuana which led to his positive drug screen. Defense counsel asserted that placing the Defendant on house arrest, having him wear an alcohol ankle monitor, and requiring him to submit to random drug screens would assure the safety of the community.

The Government represented that it was relying on the information in the petition [Doc. 24], as well as in the Presentence Report [Exhibit 1 to Detention Hearing] from the Defendant's federal conviction for which he is serving the term of supervised release. The petition indicates that the Defendant violated the following conditions of his supervised release: 1) that he not commit another federal, state, or local crime; 2) that he not illegally possess a controlled substance; 3) that he refrain from any unlawful use of a controlled substance; 4) that he answer truthfully to all inquiries by the probation officer and follow the instructions of the officer; 5) that he refrain from the excessive use of alcohol and not purchase, possess, use, distribute, or administer any controlled substance or paraphernalia, related to any controlled substance, except as prescribed by a physician; and 6) that he not associate with any person engaged in criminal activity or convicted of a felony, unless granted

permission by his probation officer.

Specifically, the petition provides that on February 13, 2012, the Defendant was stopped for traffic violations. When stopped, it was determined that the Defendant showed signs of having consumed alcohol, that he had a small bag of what was believed to be marijuana and a half-smoked marijuana cigarette in his pocket, and that he was driving with a revoked driver's license. The Defendant was charged with Driving Under the Influence (Second Offense), Simple Possession, Driving While Privilege Revoked, and Failure to Provide Evidence of Compliance with Financial Responsibility Law, all violations of Tennessee law. The petition further indicates and the probation officer represented at the hearing, that the Defendant was not initially fully honest with his probation officer with regard to the events of February 13. The Government emphasized that the burden of proof is on the Defendant and argued that the Defendant is a clear danger to the community. The Government highlighted the Defendant's lengthy criminal history, as described in Exhibit 1.

A person's release or detention pending a hearing on the revocation of supervised release is governed by Federal Rule of Criminal Procedure 32.1(a)(6): "The magistrate judge may release or detain the person under 18 U.S.C. § 3143(a) pending further proceedings. The burden of establishing that the person will not flee or pose a danger to any other person or to the community rests with the person." Section 3143(a) provides that the Court must detain the defendant unless it "finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released." 18 U.S.C. § 3142(a).

For the reasons set forth more fully on the record at the March 26 detention hearing, the Court finds that the Defendant has failed to show by clear and convincing evidence that he would not be a danger to the community. The Court examined the section 3142(g) factors and found that

they weigh in favor of detention. The alleged violations do not involve violence or firearms, see 18 U.S.C. § 3142(g)(1), but the Defendant admitted to his probation officer that he had essentially committed the crimes with which he is charged in state court, involving driving while intoxicated and possessing narcotics, see 18 U.S.C. § 3142(g)(2). Although the Defendant has a girlfriend in the district, the Court heard no evidence related to his length of residence in the community or his family ties. See 18 U.S.C. § 3142(g)(3)(A). The evidence indicates that the Defendant has a history of drug and alcohol abuse. See 18 U.S.C. § 3142(g)(3)(A). While he receives SSI benefits, the Defendant is unemployed, and his criminal history involves prior convictions for assault, weapons charges, flight, resisting arrest, and burglary. See 18 U.S.C. § 3142(g)(3)(A). Notably, as to the Defendant's past conduct, Exhibit 1 shows that the Defendant has many times been placed on probation related to state charges, and other terms of supervised release, and he has violated the conditions placed on him in each of those instances. See 18 U.S.C. § 3142(g)(3)(A). The Court notes that the Defendant was placed on pretrial release pending trial by this Court in 2005, and he violated the terms of that release several months later [Docs. 10, 17]. The Defendant was also on supervised release at the time of the instant violations. See 18 U.S.C. § 3142(g)(3)(B).

Finally, with regard to the nature and seriousness of the danger to the community posed by the Defendant's release, the Court observes that while the Defendant was able to abide by the conditions of his supervised release for nearly two years, the Defendant is alleged to have driven a car without a license while intoxicated, and both possessed and used marijuana. The Court finds that this factor also weighs in favor of detention. See 18 U.S.C. § 3142(g)(4).

After reviewing the evidence in light of these factors, the Court concludes that the Defendant is not able or willing to follow the conditions of supervised release or the law. Furthermore, the

Court finds that there are no conditions or combination of conditions of release that would reasonably assure the Court that the Defendant would not pose a danger if released. None of the conditions proposed by the Defendant can reasonably assure the Court that he would be able to conform his behavior to the conditions required of him. Accordingly, because the Court finds that no conditions exist that would reasonably assure that the Defendant would not pose a danger to the community if released, the Court **ORDERS** that the Defendant be detained pending his April 23, 2012 revocation hearing before Judge Phillips.

The Defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The Defendant shall be afforded a reasonable opportunity for private consultations with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

**IT IS SO ORDERED.**

ENTER:

　　s/ C. Clifford Shirley, Jr.
United States Magistrate Judge